*Cayo-Pastuna v. Blanche*

BIA
Gundlach, IJ
A220 293 600/598/599

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-six.

PRESENT:
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

ABDON VICTOR CAYO-PASTUNA, D. A. C.-P., BEATRIZ ALEXANDRA PILALUMBO-VEGA,
> *Petitioners*,

> v.

TODD BLANCHE, UNITED STATES ACTING ATTORNEY GENERAL,
> *Respondent.*[*]

_____

23-8072
NAC

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR PETITIONERS:               Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:               Brian Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Robert Michael Stalzer, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Abdon Victor Cayo-Pastuna, Beatriz Alexandra Pilalumbo-Vega, and their minor child, natives and citizens of Ecuador, seek review of a November 22, 2023, decision of the BIA affirming a January 10, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdon Victor Cayo-Pastuna, et al.*, Nos. A220 293 600/599/598 (B.I.A. Nov. 22, 2023), *aff'g* Nos. A220 293 600/599/598 (Immigr. Ct. N.Y.C. Jan. 10, 2023). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When, as here, 'the BIA adopts and affirms the IJ's decision, we review the two decisions in tandem.'" *Garcia Pinach v. Bondi*, 147 F.4th 117, 125 (2d Cir. 2025)

2

(quoting *Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022)). "We disregard, however, any findings by the IJ that the BIA did not reach or rely on." *Id.* We review fact-finding "under the substantial evidence standard," and questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). And Petitioners who fail to challenge the dispositive grounds for the agency's denial of relief will be deemed to have abandoned their claim. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

To establish eligibility for asylum and withholding of removal, Petitioners must show past persecution or a fear of future persecution and that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that the "one central reason" standard also applies to withholding of removal). "[P]ersecution

3

is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). The harm must rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006), and generally, "threats of persecution, no matter how credible, do not demonstrate past persecution," *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014).

Absent past persecution, Petitioners must show an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But absent "solid support in the record," a "fear is speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). And for CAT relief, Petitioners must also establish they would "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Petitioners' brief does not meaningfully challenge the agency's findings that the discrimination and physical assault that Cayo-Pastuna suffered on account of

4

his race did not rise to the level of persecution, that his beating by gang members in connection with robberies and extortion was not on account of a protected ground, that the country conditions evidence did not demonstrate a pattern or practice of persecution of indigenous people, and that Cayo-Pastuna presented no evidence that the Ecuadorian government would acquiesce to his torture. We therefore conclude that Petitioners have abandoned their challenges to dispositive grounds for the agency's denial of relief. *See Debique*, 58 F.4th at 684.

Indeed, Petitioners' brief consists of conclusory statements without citation to legal authority or factual support in the record. Fed. R. App. P. 28(a)(8)(A) (requiring that an appellant's brief contain arguments "with citations to the authorities and parts of the record on which the appellant relies"); *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding a petitioner's "single conclusory sentence" insufficient to raise an argument). Moreover, the brief misstates the facts and law, such as erroneously stating that asylum was denied as time-barred, and it uses language identical to that in other briefs filed by counsel Michael Borja to make unsupported factual allegations that misconstrue the record in this case, *e.g.*, by erroneously stating that the record shows that Petitioners were

"savagely beaten multiple times" or that "the government did nothing but exacerbate the issue." Petitioners Br. at 8, 12.

Finally, counsel raises arguments that we have rejected in some of his prior cases. He erroneously argues that the nexus requirement for withholding of removal is less stringent than that for asylum. *See, e.g.*, *Ortega-Garcia v. Bondi*, No. 23-7162, 2025 WL 2504616, at *2 (2d Cir. Sep. 2, 2025) ("As we have stated in prior orders in cases filed by Attorney Borja, this 'one central reason' standard also applies to withholding of removal."); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *1 n.2 (2d Cir. Sep. 30, 2025). As explained above, this is a misstatement of law. *See Quituizaca*, 52 F.4th 103 at 105–06. Counsel additionally reiterates an unsupported argument that, to state a CAT claim, he was not required to show that the Ecuadorian government would likely condone or acquiesce to torture. This conclusory statement is contrary to the regulations and has been rejected in prior cases. *See* 8 C.F.R. § 1208.18(a)(1); *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025); *Ortega-Garcia*, 2025 WL 2504616, at *2.

Given the defects in briefing by Petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel.

6

For the foregoing reasons, the petition for review is **DENIED**.  All pending motions and applications are **DENIED** and stays **VACATED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court